UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHARLES WARD,

    Petitioner,                         Civil No. 5:11-CV-10648
                                        HONORABLE JOHN CORBETT O'MEARA
v.                                     UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

## I.  Introduction

Michael Charles Ward, ("Petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges the Michigan Parole Board's 2006 decision to revoke his parole for the offense of possession with intent to deliver 650 or more grams of cocaine.  Petitioner also challenges the constitutionality of M.C.L.A. 600.2963, which requires that a prisoner who pursues a civil action in the Michigan courts to be liable for paying the filing fees.

Petitioner has previously filed a petition for writ of habeas corpus, which challenges his parole revocation and the constitutionality of M.C.L.A. 600.2963.  This action remains pending before Judge David M. Lawson. *See Ward v. Howes,* No. 2:08-

CV-13051 (E.D. Mich.). A decision has not yet been rendered in that case.

Petitioner has now brought the instant petition, which raises the identical claims that he has raised in his petition before Judge Lawson.

## II. Discussion

The instant petition is subject to dismissal because it is duplicative of petitioner's pending habeas action before Judge Lawson.

A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted). Petitioner's current habeas petition is subject to dismissal as being duplicative of his still pending first habeas petition, because both cases seek the same relief. *Id. See also Davis v. U.S. Parole Com'n*, 870 F. 2d 657 (Table), No. 1989 WL 25837, * 1 (6th Cir. March 7, 1989)(district court can properly dismiss a habeas petition as being duplicative of a pending habeas petition, where the district court finds that the instant petition is essentially the same as the earlier petition); *Davis v. Sherry,* No. 2007 WL 2002881 (E.D. Mich. July 5, 2007)(same).

In the present case, the instant petition challenges the same parole revocation, raises the same challenge to the constitutionality of M.C.L.A. 600.2963, and makes the same legal arguments as the petition in the case pending before Judge Lawson. A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir.

2000). This Court is therefore permitted to take judicial notice of its own court documents and records in determining that the current habeas petition is duplicative of the previously filed application for habeas relief. *Harrington v. Stegall,* No. 2002 WL 373113, * 2 (E.D. Mich. February 28, 2002). Accordingly, this petition for writ of habeas corpus will be dismissed.

### III. Conclusion

The Court will summarily dismiss the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. §

2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because his current petition is duplicative of his still pending habeas petition before Judge Lawson. *See Maske v. Murphy*, 357 Fed. Appx. 981, 982-83 (10th Cir. 2009). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED AS DUPLICATIVE** of the case of *Ward v. Howes,* 2:08-CV-13051 (E.D. Mich.), currently pending before Judge David M. Lawson.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

          s/John Corbett O'Meara
          United States District Judge

Date: March 3, 2011

I hereby certify that on March 3, 2011, a copy of the foregoing document was served upon Petitioner at Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 by first-class U.S.mail.

          s/William Barkholz
          Case Manager